United States District Court
Southern District of Texas

**ENTERED**
June 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CELEDINO MARIN FLORES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-544 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Celedino Marin Flores is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases his habeas action on provisions of the Fifth Amendment.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which forecloses any statutory entitlement to a bond hearing for individuals detained under Section 1225(b)(2)(A). In light of this decision, the Court ordered Petitioner to file a Statement in support of his Petition addressing prior decisions by this Court considering and rejecting due process claims similar to those that he alleges. (*See* Order, Doc. 4)

In response, Petitioner contends that the Fifth Amendment's Due Process Clause does not permit Respondents to mandatorily detain individuals under Section 1225. (Statement, Doc. 5, 2–3 (requesting "immediate release" because "the mandatory detention provision itself is a violation of due process as it applies to him"))

The Court finds that Petitioner is not entitled to relief. Other courts have considered and rejected substantively-similar arguments. *See, e.g., Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex.

Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

Petitioner contends the individualized balancing required by *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976) mandates his immediate release. (Statement, Doc. 5, 4–5)  But the *Matthews* test does not represent "an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002); *see also Bekboev v. Vergara*, No. 5:26-CV-00037-DCB-BWR, 2026 WL 1014152, at *3 (S.D. Miss. Mar. 19, 2026), *report and recommendation adopted*, 2026 WL 1011244 (S.D. Miss. Apr. 14, 2026) (declining to apply *Matthews* test as to a due process challenge to immigration detention without a bond hearing under Section 1225(b)(2)).  And even if the *Matthews* test controlled, some courts have applied the factors under circumstances analogous to Petitioner's and concluded that they weighed in Respondents' favor. *See, e.g., Lopez-Perez v. Acuna*, No. CV 25-1801, 2026 WL 1339699, at *1 (W.D. La. Apr. 27, 2026), *report and recommendation adopted*, 2026 WL 1339253 (W.D. La. May 13, 2026).  Based on a similar analysis, the Court would reach the same conclusion as to Petitioner in this case.

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

For these reasons, the Court finds that Petitioner does not present a viable claim for relief. As a result, it is:

**ORDERED** that Petitioner Celedino Marin Flores's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is direct to close this case.

Signed on June 9, 2026.

Fernando Rodriguez, Jr.
United States District Judge